**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLOWERHORN, INC. d/b/a "HOT N JUICY CRAWFISH," a foreign corporation, and HNJ GROUP, INC. d/b/a "HOT N JUICY CRAWFISH," a foreign corporation, | No. 1:19 -cv- 02372 Hon. Gary Feinerman Magistrate Judge J. Cummings |
| Plaintiffs, | |
| v. | |
| HOT N JUICY CRAB TINLEY PARK, INC., a domestic corporation, and HOT N JUICY CRAB INCORPORATED, a domestic corporation, | |
| Defendants. | |

**MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER**

Plaintiffs Flowerhorn, Inc. d/b/a HOT N JUICY CRAWFISH and HNJ Group, Inc. ("HNJ Group") d/b/a HOT N JUICY CRAWFISH, (collectively, "Plaintiffs"), by their undersigned counsel, pursuant to Fed.R.Civ.P. 16, 37, Local Rule 37.2 and the Court's Mandatory Initial Discovery Pilot Program ("MIDP") Standing Order, and as their Motion to Compel, for Sanctions and to Modify Scheduling Order against Defendants HOT N JUICY CRAB TINLEY PARK, INC. and HOT N JUICY CRAB INCORPORATED (collectively, "Defendants"), state:

**BACKGROUND FACTS**

By way of order dated April 9, 2019, this Court advised the parties that (1) it was participating in the MIDP and (2) the parties were to adhere to the provisions of the Standing Order and Checklist related thereto. Dkt. 7. On May 23, 2019, the Court ordered the parties to serve their MIDP disclosures on each other by July 9, 2019. Dkt. 23. Rule 37(c)(1) applies to all MIDP

disclosures.  See MIDP Standing Order at A.9.  On June 3, 2019, Plaintiffs forewent their right to schedule an evidentiary hearing on their request for a preliminary injunction in this matter in favor of a short discovery schedule that required: fact discovery to be completed by October 31, 2019; expert reports to be served by December 15, 2019; and dispositive motions to be filed by January 8, 2020.  See Dkt. 25.

The parties timely served their respective MIDP Disclosures on July 9, 2019.  Defendants' Disclosures identified and indicated they would produce the following documents, ESI and tangible things relevant to any party's claims or defenses:

(1) Email messages concerning adoption and use of logos, brand names, and other trademark uses of any allegedly infringing mark;

(2) Corporate records from each corporation, including:

(a) Lists of officers (President, Secretary, Treasurer, etc.)

(b) Lists of shareholders

(c) P&L records since December 2018 upon execution of a confidentiality agreement or proposed order;

(3) Advertising materials and invoices;

(4) Documents regarding the development of menus;

(5) Documents regarding the development of signage and logos; and

(6) Contracts with service providers, such as Ordereze, magazines and radio stations.

See, Exhibit 1, attached hereto.  Defendants, however, did not serve any such documents on July 9, 2019, and have not served them at any time since.

Plaintiffs served their written Interrogatories and Requests for Production on Defendants pursuant to Fed.R.Civ.P. 33 and 34 on June 5, 2019, with leave of Court.   See Exhibits 2 and 3

attached hereto. Defendants served their Responses thereto, including objections,[1] on or about July 3, 2019. See Exhibits 4 and 5, attached hereto. Again, however, Defendants did not contemporaneously serve any of the documents referenced in their Responses to Interrogatories or Requests for Production at that time, but instead indicated that they would "produce all non-privileged documents to the extent they exist within Defendants'' possession and control, without specifying any production date. See, e.g. Exhibit 5 at Request No. 1.

*Plaintiffs' Repeated Efforts to Obtain Production*

Since the dates of Defendants' respective MIDP Disclosures and Responses to Plaintiffs' written discovery, Plaintiffs have in good faith repeatedly tried to secure production of the documents referenced therein, both by way of written and oral communications.

For example, on August 12, 2019, Plaintiffs' counsel asked Defendants' counsel the date Defendants would be producing documents referenced in their MIDP disclosures and Responses to Plaintiffs' Requests for Production. See Exhibit 6, attached hereto at p. 4. In response, Defendants' counsel stated: **"I'll let you know shortly on doc exchange. I want to double check before promising you a date."** *Id.* Defendants' counsel, however did not thereafter give Plaintiffs' counsel a date certain for said document exchange or otherwise follow-up on the issue.

Plaintiffs' counsel followed up again on the issue of Defendants' production on August 16, 2019, asking "any update on production?" In response, Defendants' counsel wrote: **"I'm talking to my guys today. I should have some information for you on timing later today or tomorrow."** See Exhibit 7, attached hereto. Again, however, defense counsel did not get back

---

[1] Plaintiffs' counsel will separately try to resolve disputes over several of the objections lodged by Defendants in their Responses to said Interrogatories and Requests for Production, should Defendants' document production indicate a need to do so. Regardless, in that regard, Defendants' Responses to Plaintiffs' Requests for Production also violate Rule 34(b)(2)(C), as their objections do not state whether any documents are being withheld on the basis thereof.

to Plaintiffs' counsel later on August 16, 2019, on August 17, 2019, or at any time thereafter regarding this issue. Plaintiffs' counsel was thus forced to follow-up again on this issue on August 28, 2019, stating: "I will be producing [Plaintiffs'] MIDP docs this week, but I really need your MIDP production and your production in response to [Plaintiffs'] RFPs this week as well. It's been a long time." See Exhibit 6 at p. 3. In response, Defendants' counsel said: **"we've got stuff gathered and mostly reviewed and hope to begin pushing that out soon. I will double check with Jim [Judge, Defendants' co-counsel] on the time frame."** *Id.* Again, however, Defendants' counsel did not get back to Plaintiffs' counsel in that regard.

Rather, Plaintiffs' counsel was again forced to initiate follow up on September 4, 2019, stating: "Also, you have repeatedly promised me a date certain for the production of documents referenced in the MIDP and responsive to [Defendants'] discovery requests. It is now time to insist on the same this week or I will be forced to file a motion to compel, as we have a short fact discovery deadline and need to finish written discovery and start scheduling depositions." *Id.* at pp. 1-2. In response, Defendants' counsel asked if Plaintiffs' counsel was free for a call that afternoon, to which Plaintiffs' counsel quickly replied "Yes, I am free after lunch." *Id.* at p. 2. Defendants' counsel, however, did not call Plaintiffs' counsel on September 4, 2019; instead, Plaintiffs' counsel had to contact him on September 5, 2019, by telephone.

At that time, however, defense counsel conceded that ***Defendants had not yet processed either of its document productions, either by Bates stamping or de-duplicating ESI***, but that it had emails "ready to produce" in native form. Upon further inquiry, however, defense counsel conceded that the emails referenced had: (1) *not* been searched for responsiveness to Plaintiffs' requests or subject matter, but only been reviewed for attorney-client privilege; and (2) were "organized" by unidentified email custodians, thus putting the entirety of the burden of searching

4

for responsive email communications on Plaintiffs. Further, defense counsel was not able to identify the size of the native email production it was prepared to "dump" on Plaintiffs to review and de-duplicate, or the date ranges or custodians involved.[2]

To make matters worse, defense counsel then indicated generally that its remaining unprocessed documents would be produced on a rolling basis "as they were ready," but without promising any date certain for same and not in the form requested by Plaintiffs. See fn. 2, *infra.* Plaintiffs' counsel immediately replied that he did not want to accept unprocessed production – particularly if Defendants would (as indicated) at some future date process and Bates-stamp the production – as that would burden Plaintiffs by (1) potentially forcing them to review documents twice or (2) forcing them to assume that the documents informally produced the first time did not differ from those ultimately produced in processed form later. Finally, at no time did defense counsel indicate that any of the referenced "production" was being produced as it was kept in the ordinary course of business within the meaning of Fed.R.Civ.P. 34(b)(E).

At end, after Plaintiffs have waited for more than two full months after the MIDP disclosures and discovery responses in question, Defendants still have not produced a single document referenced in their MIDP Disclosures or Responses to Plaintiffs' Requests for

---

[2] Plaintiffs have no objection to Defendants producing the emails referenced in their MIDP Disclosures in native form, as long as they are de-duplicated, Bates stamped, organized by custodian and date and include a Relativity load file as instructed. In this regard, Instruction No. 18 to Plaintiffs' Requests to Produce states: "You are to produce documents, information and things so that they are either: (a) organized and labeled to correspond with the categories in the requests; or (b) as they are kept in the usual course of business, including any indicators of the manner in which they kept in the usual course of business (*e.g.*, with labeled file folders). *All ESI must be de-duplicated, produced in its native format with metadata and accompanied by a Relativity load file, and the particular Bates or control number range of the ESI produced in response to a particular request must be referenced in the written response to that request. In particular, emails should be produced in .pst files, and spreadsheets in excel.* In certain instances, Plaintiff may accept alternative forms of production (*e.g.*, TIFF images with accompanying OCR searchable files). Any paper documents and ESI must include all exhibits, schedules, attachments or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading." See Exhibit 3 at Instruction No. 18. Dumping an unknown number of email boxes on Plaintiffs for an unidentified date range and making Plaintiffs search it for responsive information is not appropriate, however – particularly not more than two months after Defendants were supposed to undertake the task themselves.

Production of Documents, but instead have proposed an unprocessed, duplicative rolling production not linked to any particular category in said Disclosures or Responses, and without committing to any specific date to do so. In doing so, Defendants have failed to make any good faith effort to discharge their discovery obligation or the obligations of the MIDP Standing Order.

## ARGUMENT

### 1. Defendants Have Violated MIDP Standing Order B.3 and C.2.c by Failing to Produce The Documents Referenced in their Disclosures.

As set forth above, at the onset of this case this Court ordered the parties to comply with the provisions of the MIDP Standing Order, which provides:

> For documents and tangible things in your possession, custody, or control, you may produce them **with your response, or make them available for inspection on the date of the response**, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

See Standing Order at B.3 (emphasis added). As also set forth above, Defendants served their MIDP Disclosures on July 9, 2019, but without producing the documents referenced or making them available for inspection. These Disclosures included ESI (namely emails), the production of which is governed by paragraph C.2 of the Standing Order:

> **Production of ESI**. Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response.

*Id.* at C.2.c. Defendants, however, did not produce the referenced emails within 40 days of July 9, 2019 (August 19, 2019) or at any time since.

At end, Defendants have violated (and continue to violate) at least two provisions of the Standing Order by their failure to timely produce documents. As set forth in paragraph A.9 of the Standing Order, Fed.R.Civ.P. 37(c)(1) (Failure to Disclose) applies to the such failure. Rule 37(c)(1) provides in relevant part that:

> If a party fails to provide information…as required by Rule 26(a) or (e)… the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed.R.Civ.P. 37(c)(1). Consequently, Plaintiffs here seek an order: requiring Defendants to produce the aforesaid documents within three (3) business days; awarding Plaintiffs the reasonable amount of costs and attorneys' fees incurred in bringing this Motion per Fed.R.Civ.P. 37(c)(1)(A); and precluding Defendants from engaging in further proceedings (discovery, etc.) until their compliance with the Standing Order, per Rule 37(b)(2)(A)(iv).

### 2. *Defendants Have Violated Fed.R.Civ.P. 34 (2)(B) By Failing to Produce Responsive Documents By the Time Specified In Plaintiffs' Requests or Another Reasonable Time Specified in the Response.*

As set forth above, Defendants have also failed to comply with Rule 34(2)(B) by neglecting to produce the responsive documents referenced in their July 3, 2019, Responses to Plaintiffs' Requests for Production on that date or at another reasonable time referenced in the Responses. *That failure has continued for more than 60 days and is manifestly prejudicing Plaintiffs' ability to complete fact discovery within the short time period agreed to by the parties and ordered by the Court.* Accordingly, and pursuant to Rule 37(a)(3)(B)(iv), Plaintiffs move to compel the production of all documents referenced in Defendants' Responses to Plaintiffs' Requests for Production within three (3) business days, as well as an order requiring Defendants' to pay the Plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this Motion.

### 3. *Defendants Have Violated Fed.R.Civ.P. 34(b)(1)(C) and (D) by Failing to Produce Documents in the Form Requested by Plaintiffs.*

As set forth above, Defendants have also signaled their intention *not to produce* the documents referenced in either their MIDP Disclosures or Response to Plaintiff's Requests for Production in the form requested by Plaintiffs, that is by Bates or otherwise labeling or organizing them to coincide with Plaintiffs' requests or de-duplicating emails or other ESI (e.g. financial spreadsheets or QuickBooks data) and producing them in native form with a Relativity load file. The sanctions mandated by this failure are the same as those set forth in Section 2 above.

### 4. *Plaintiffs Are Entitled to an Award of Expenses from Defendants, Including Reasonable Attorneys' Fees, Per Fed.R.Civ.P. 37(a)(5)(A) and (c)(1)(A).*

Given Defendants' egregious failure to produce in accordance with Rule 34 as aforesaid, Rule 37(a)(5)(A) mandates that they pay Plaintiffs' reasonable costs, including attorneys' fees, incurred in making this Motion. See Fed.R.Civ.P. 37(a)(5)(A). Plaintiffs' failure to produce the documents referenced in its MIDP Disclosures, however, are governed by Rule 37(c)(1)(A). Although that rule makes an award of Plaintiffs' costs and fees discretionary, for the foregoing reasons, Plaintiffs request that the Court make such an award. Indeed, once a failure to comply with the discovery rules is established, sanctions are appropriate; the degree of culpability is only a factor in determining the severity of the sanctions to be applied. *See Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 146 (N.D. Ill. 1982)

### 5. *Plaintiffs Have Complied With Fed.R.Civ.P. 37(a)(1) and Local Rule 37.2 Prior to Bringing This Motion.*

Rule 37(a)(1) requires that any motion to compel and for sanctions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action."
Fed.R.Civ.P. 37(a)(1). Local Rule 37.2 requires substantively the same. Plaintiffs have fully
complied with both of these prerequisites prior to bringing this Motion and the required
certification statement is set forth below.

> ### 6. Defendants' Delay has Prejudiced Plaintiffs' Ability to Meet the Fact Discovery Deadline Imposed by the Court and an Extension is Therefore Warranted.

As just stated, Rule 37 and Local Rule 37.2 require good faith efforts to attempt to resolve
discovery differences without the necessity of Court involvement. Those good faith efforts,
however, often cause significant delay, as they have in this case. Plaintiffs, who forewent a
preliminary injunction hearing in favor of a quick discovery schedule because of the importance
of their intellectual property rights at issue, have now been prejudiced in their ability to meet that
schedule because of that delay, which was caused solely by Defendants. There is, therefore, good
cause for an extension of the Court's Scheduling Order in this matter. See Dkt. 25. Having said
that, however, Plaintiffs' interests here – including their interests in the good will associated with
their trademarks, avoiding consumer confusion and expanding the geographic scope of their
restaurants to the Chicagoland area – continue to be time sensitive. For that reason, Plaintiffs
request that the dates set forth in the current Scheduling Order each be modified for a brief period
of forty-five (45) days.

WHEREFORE, Plaintiffs pray that this Court grant this Motion in its entirety and enter an
order:

(1) Requiring Defendants to produce all documents referenced in their MIDP Disclosures
and Responses to Plaintiffs' Requests for Production within three (3) business days,
and in the manner and form set forth in the Instruction No. 18 to said Requests for
Production;

(2) Requiring Defendants' to pay Plaintiffs' the amount of their reasonable expenses,
including attorneys' fees, incurred in bringing this Motion;

(3) Extending each of the dates of the current Scheduling Order for a period of forty-five (45) days; and

(4) For such other relief in Plaintiffs' favor as the Court deems appropriate under the circumstances.

Respectfully submitted,

FLOWERHORN, INC. d/b/a "HOT N JUICY CRAWFISH," and HNJ GROUP, INC. d/b/a "HOT N JUICY CRAWFISH,"

By:     /s/   Robert H. Smeltzer
        One of their attorneys

Robert H. Smeltzer
Christopher Schaefer
HOWARD & HOWARD, PLLC
200 S. Michigan Ave. #1100
Chicago, IL 60604
(312) 372-4000
rsmeltzer@howardandhoward.com
cschaeffer@howardandhoward.com

## <u>FED.R.CIV.P. 37 and LOCAL RULE 37.2 CERTIFICATION</u>

The undersigned attorney, as counsel for Plaintiffs and under penalties of perjury as provided by 28 U.S.C. §1746, hereby certify in accordance with Fed.R.Civ.P. 37 that Plaintiffs in this action have in good faith conferred and attempted to confer with Defendants regarding the MIDP disclosures and discovery referenced in the foregoing Motion to Compel, for Sanctions and to Modify Scheduling Order in an effort to obtain the same without Court action, but was unable to do so. In addition and pursuant to Local Rule 37.2, I hereby state that I personally consulted with Defendants' counsel by telephone and in writing in a good faith effort to obtain the same referenced disclosures and discovery, but was unable to reach an accord or secure the same. This consultation included, but was not limited to, my detailed telephone conference with Defendants' counsel, Michael G. La Porte, in Chicago, Illinois on September 5, 2019, at (upon information and belief) approximately 1:30 p.m. In addition, I made good faith attempts to obtain the same disclosures and discovery on numerous occasions in writing throughout August and September of 2019, as detailed in the foregoing Motion to Compel, for Sanctions and to Modify Scheduling Order.

                                                   /s/  Robert H. Smeltzer

11

**Certificate of Service**

I, Robert H. Smeltzer, an attorney of record in this matter, certify that on September 10, 2019, I caused a copy of the foregoing Plaintiff's **Motion and Memorandum in Support of Motion to Compel, for Sanctions and to Modify Scheduling Order** to be filed by the Court's CM/ECF filing system, and served a copy thereof via email and to:

James E. Judge
Flener IP Law
77 W Washington Street
Suite 800
Chicago, Illinois 60602
Email: jjudge@fleneriplaw.com

Michael R. La Porte
Flachsbart & Greenspoon, LLC
333 North Michigan Avenue, 27th Floor,
Chicago, IL 60601-3901
Email: mrl@fg-law.com

Dated: September 10, 2019                    /s/   Robert H. Smeltzer_____
                                             Robert H. Smeltzer, Esq.

4814-6767-6068, v. 1

12